FILED

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**          97 DEC 22  AM 10: 02

|  |  |  |
|---|---|---|
| **THANH D. NGUYEN,** | ) | U.S. DISTRICT COURT |
|  |  | N.D. OF ALABAMA |
| **PLAINTIFF,** | ) |  |
| **VS.** | ) | **CV97-H-2947-S** |
| **GTE TELECOMMUNICATIONS** | ) | **ENTERED** |
| **SERVICES, INC.,** |  |  |
|  | ) |  |
| **DEFENDANT.** |  | **DEC 2 2 1997** |

## MEMORANDUM OF DECISION

This cause came on for consideration at the court's
regularly scheduled motion docket held December 19, 1997 in
Birmingham, Alabama.  Plaintiff commenced this action on November
4, 1997 by filing a complaint alleging that defendant GTE
Telecommunication Services Incorporated ("TSI") discriminated
against plaintiff based on his national origin by denying him
promotions, harassing him and retaliating against him in
violation of Title VII and 42 U.S.C. § 1981.

Defendant TSI filed a motion on November 25, 1997 seeking to
dismiss this action and arguing that: (1) the court lacks
personal jurisdiction over TSI; (2) the Northern District of
Alabama is not the proper forum and (3) that plaintiff's 42
U.S.C. § 1981 claims are untimely.  Plaintiff filed no response
to defendant's motion to dismiss.

TSI attached the affidavit of Ann Dougherty-Hogg, General
Counsel for TSI, in support of its motion.  In her affidavit,
Dougherty-Hogg states the following:

> GTE Telecommunication Services Incorporated [TSI]
> has its principal office and headquarters in Tampa,
> Florida.  The corporation does not have any employees
> or facilities or business locations in the state of
> Alabama.
>     The plaintiff in this case, Thanh D. Nguyen, was
> employed by GTE Telecommunication Services Incorporated
> . . . at the TSI facility in Tampa, Florida. . . Mr.
> Nguyen filed three EEOC charges raising such issues as
> his failure to receive promotions and pay increases and
> alleged harassment by TSI employees.  All of these
> allegations arose out of conduct or job vacancies at
> the TSI facility in Tampa, Florida.
>     The only contact that TSI has with Alabama is that
> TSI serves as a billing clearinghouse for roaming
> charges for cellular telephone companies that operate
> in Alabama.  The TSI customers (cellular phone
> companies) send data concerning roaming charges to the
> TSI facilities in Tampa. . . All such services are
> provided from the TSI location in Tampa, Florida.  TSI
> maintains an agent for service of process in Alabama
> and has registered with the Alabama Secretary of State
> to do business in Alabama.  In addition, TSI has a
> license to provide long distance telephone service in
> Alabama, but has never provided any such service.
> Other than the activities listed herein, TSI has no
> contacts with Alabama.

See Exhibit to Motion to Dismiss.  In the face of these

uncontroverted facts, it is clear that under the due process

requirements, there are insufficient minimum contacts between TSI

and the State of Alabama to allow this action to proceed in this

court.  Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 256

(11th Cir. 1996).  Thus, the court concludes that it lacks

subject matter jurisdiction over TSI and defendant TSI's motion

to dismiss pursuant to Rule 12(b)(2) is due to be granted.

Alternatively, TSI also argues that venue would be improper

for both plaintiff's Title VII claims and his § 1981 claims,

based on 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391.  When

applying the facts set forth in Dougherty-Hogg's affidavit to the

2

factors embraced in these statutes, the court concludes that venue is improper.  Defendant's motion to dismiss is also due to be granted in relation to improper venue, pursuant to 28 U.S.C. § 1406(a) and Rule 12(b)(3).  Due to the lack of personal jurisdiction and improper venue, the court need not address the timeliness of plaintiff's § 1981 claim, although it appears clear from the face of the complaint that such claim is barred by the two year statute of limitations.  A separate order of dismissal will be entered.

DONE this _22_ day of December, 1997.


SENIOR UNITED STATES DISTRICT JUDGE

3